The judgment of the court was pronounced by
Slidell, J.
F. Henry and W. Laurans were associated as commercial partners, under the firm of Henry Laurans. A dissolution took place; Henry was charged with the liquidation of the partnership, and Laurans went abroad. Henry borrowed money from time to time from the house of Henry, Prudhomme Co. (of which he was a member) after the dissolution of the partnership of Henry Sf Laurans, and in its name. The lenders were fully aware of the dissolution. Henry had no powers from Laurans except such as pertained to his appointment as liquidator. The question is, whether Laurans is liable to reim *701 burse to Henry, Prudhomme Sf Co. a balance of account arising from monies thus advanced.
It may be assumed, as a general rule, that upon the dissolution of a commercial partnership, its members can no longer bind the partnership by new contracts, and that the partnership is considered as continuing for the sole purpose of settling its affairs and winding up the concern. When one of the partners is charged by the others with the liquidation, they are to be considered as clothing him with power to collect the assets, pay the debts, and finally settle the partnership affairs, and with such incidental powers only as are clearly necessary for the attainment of that purpose. When, therefore, a liquidating partner attempts to bind the partnership by a new contract, it cannot be considered as, per se, binding upon the other partners. But when it is shown that the new contract was entered into by the liquidating partner in good faith, under circumstances of necessity, or of manifest expediency for the interest of the firm, and upon its credit, and has actually inured to its benefit, in such case it is just that the partners should be held, if not as under a contract, at least under that equitable rule which forbids one man to enrich himself at the expense of another. This qualification of the general doctrine is distinctly recognized by one of the authors upon whom the counsel for the defendant relies. After treating of the limited character of the liquidating agency, and his inability to bind the partnership by new contracts, Mr. Troplong justly observes: Cependant si la liquidation avait profité du traité fait avec le liquidateurs, les associés en seraient tenus jusqu’á concurrence du profit qu’elle en aurait retiré. Contrat de Société, No. 1054. The principle was fully recognized by the Supreme Court of Pennsylvania, in the case of the estate of Davis L. Desaugue, 5 Wharton, 539. That court remarked, that cases may be readily supposed where the exercise of such an authority (borrowing money to pay debts) may be highly expedient, nay, absolutely necessary, for the preservation of the right of the creditors, and of the partners themselves, as when money is borrowed to relieve the estate from the pressing demands of a creditor who may urge the sale of the assets, to the injury or the absolute destruction of the estate. We think also the principle is sanctioned by the spirit of the just and liberal provisions of our own code on the subject of quasi-contracts; especially the article which declares that equity obliges the proprietor whose business has been well managed, (bien administrée,) to comply with the engagements contracted by the managor (gerant) in his name; to indemnify the manager in all the personal engagements he has contracted, and to reimburse him all useful and necessary expenditures.
But, when we come to apply the principle to the case before us, we find a difficulty in sustaining the action in consequence of the mengreness of the evidence. Only one witness deposes as to the application of the borrowed money to the payment of the debts of the firm. His language is loose and inaccurate. “ Most of the sums charged in the books of F. Henry, Prudhomme Sf Co. were applied to the payment of debts due by the late firm of Plenry Sf Laurans.” “ The debts of Henry Sf Laurans were very much diminished from the amount obtained on loan from the house of Henry, Prudhomme Sf Co.” It should have been shown, with precision, what amount of debts was extinguished by monies so borrowed. It is no answer to this objection to say, that the testimony may be considered as satisfactorily showing that the moneys were advanced to Henry for that purpose. It is not upon the advance to the liquidating partner, but upon the actual application of the advance by him to the debts of the firm that the equitable claim of the plaintiffs must rest. It is proper also to add, that the *702 testimony is loose as to the necessity or expediency of affecting loans. We are not informed as to the nature and amount of the assets entrusted to the liquidating partner, or the extent and nature of the partnership liabilities.
It is therefore ordered, adjudged and decreed, that the judgment of the court below be reversed, and that the cause be remanded for a new trial according to law ; the plaintiffs paying the costs of the appeal.